**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

**ISMAY ABOLA PINDER and**
**STEPHANIE CRYSTAL PINDER,**

                 Plaintiff(s),

        **vs.**

                                            Civil Case No: _____

**UNITED STATES OF AMERICA,**
**DOES #1-16** (Unidentified United States
Customs Border Protection Agents "DOES" #1-16, the
Names of Whom Are Fictitious As the True
Names Are Unknown But Intended To Designate
Such Agents Assigned To JFK International
Airport At The Times And Places Alleged)

                         Defendant(s),

-----------------------------------------------------------------x

### COMPLAINT

ISMAY ABOLA PINDER and STEPHANIE CRYSTAL PINDER (hereinafter known as "PLAINTIFFS'), by and through their attorney, Rehan Nazrali, Esq., now comes before this Court and complain of the United States Government, Custom Border Protection Agents (Hereinafter "CBP") DOES #1-16 as follows:

### I. INTRODUCTION

1. That PLAINTIFFS, Ismay Abola Pinder (Hereinafter ISMAY) and Stephanie Crystal Pinder (Hereinafter STEPHANIE) bring this lawsuit pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Constitution of the United States, and the Federal Tort Claims Act (FTCA) for violations of their constitutionally protected rights and for various torts arising from an abuse of power by United States Customs and Border Protection officers.

2. ISMAY is a 40 year-old, married woman, a United States Lawful Permanent resident and a citizen Guyana who was forcibly restrained, searched, injured, and detained by CBP agents.

3. That STEPHANIE is a 23 year-old woman and citizen of United States who was forcibly restrained, searched, injured, and detained by CBP agents.

4.  That the actions of the CBP officers were unwarranted and excessive. PLAINTIFFS were forcibly stopped, injured, and detained by CBP officers after being cleared by CBP officers to proceed to baggage claim and exit the airport building.

5.  That PLAINTIFFS never behaved in a manner that could give rise to suspicion of criminal activity, and no contraband was found in their carry-on bags or checked luggage. They fully cooperated with the CBP officers at all times. Despite their cooperation, CBP officers used unnecessary, unreasonable, impermissible and unconstitutional conduct against PLAINTIFFS.

6.  That PLAINTIFFS were subjected to unlawful body cavity searches during which time they were placed in highly compromised personal situations in that/agents of the opposite sex (male) to the detriment of their mental states and dignity, their personal properties were unnecessarily damaged by the CBP officers, and then they were released from custody without being charged with committing any offense.

7.  That this incident was a violation of the PLAINTIFFS' constitutionally protected rights. It also directly caused them to experience significant physical and emotional injuries, the treatment of which has caused them, among other things, to incur medical expenses and lost work productivity.

8.  That PLAINTIFFS seeks relief from this Court for their injuries.

II.                                          **JURISDICTION & VENUE**

9.  That this Court has subject matter jurisdiction over PLAINTIFFS' federal claims under 28 U.S.C. §§ 1331 and 1346(b).

10. That this Court also has supplemental jurisdiction over the state claims and over defendants pursuant to 28 U.S.C. § 1367.

11. That PLAINTIFFS have exhausted their administrative remedies. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC § 2671, et seq., PLAINTIFFS on or about June 24, 2015 presented their claims to the appropriate Federal agencies (Office of the General Counsel, U.S. Customs and Border Protection - Office of the Chief Counsel, U.S. Customs and Border - J.F.K. International Airport, and Office of the Principal Legal Advisor - ICE) for administrative settlement under the FTCA. These Federal agencies had until approximately December 24, 2015, to either approve or deny the PLAINTIFFS' claims.[1] PLAINTIFFS Administrative claims have not yet been finalized by the Federal agencies until now, however, pursuant to statute PLAINTIFFS may construed CBP's failure to finalize their Administrative claims as denial of the Administrative claim and file a lawsuit any time thereafter but within six months of said presumptive denial.

---

[1] See 28 U.S. Code § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.)

12. That this action is timely pursuant to 28 USC § 2401(a) in that it was presented to the appropriate agency within two years of accrual and this action was filed after six months of presentation of PLAINTIFFS' Administrative Claims and without final disposition of the claim by the agencies.

13. That venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1402(b) because all of the events which give rise to this action occurred within this judicial district.

III.                                              **PARTIES**

14. That PLAINTIFF, ISMAY ABOLA PINDER (hereinafter known as "ISMAY") is, and at all times relevant was, a married woman, a lawful permanent resident of the United States and a resident of County of Kings, City and State of New York.

15. That PLAINTIFF, STEPHANIE CRYSTAL PINDER (hereinafter known as "STEPHANIE") is, and at all times relevant was, lawful permanent resident of the United States and a resident of County of Kings, City and State of New York.

16. That Defendant United States of America ("United States") is the government of the United States of America and is the appropriate defendant under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., for the tort claims in this complaint.

17. That PLAINTIFFS are unaware of the true names and capacities of individual defendants sued herein as DOES #1-16, the involved CBP agents, inclusive, and sues these defendants under such fictitious names.

18. That PLAINTIFFS will seek leave to amend this complaint to name such defendants when their true names and capacities have been ascertained.

19. That PLAINTIFFS are informed and believe, and on that basis allege, that each of the fictitiously named defendants is in some manner responsible for the acts and omissions herein alleged.

20. That PLAINTIFFS are informed and believe, and on that basis alleges, that DOES #1-16 are employees, servants, agents and/or officials of CBP, an agency of the government of the United States of America charged with the enforcement of customs and immigration laws. At all times relevant to this complaint, DOES #1-16 were acting within the course and scope of their employment for CBP, and under color of law.

21. That PLAINTIFFS are informed, believe and thereupon allege that each of the individual defendants' acts were known to, discovered by, approved and/or ratified by CBP and the government of the United States, by and through policy makers, and/or supervisors.

22. That Defendants DOES #1-16 are sued in their individual capacity.

**IV.**  ## FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

23. That ISMAY is a forty year-old married woman and lawful permanent resident of the United States who along with STEPHANIE, her niece, a 25 year old woman and United State Citizen, had travelled to Grenada to attend a burial ceremony and were thereon, returning to the United States from Grenada on the subject date of the incident .

24. That on or about October 18, 2014, at approximately 6:00 PM, thereof both PLAINTIFFS deplaned from their Delta Airlines flight which had landed John F. Kennedy Airport (JFK) and proceeded to the Customs Line maintained by CBP.

25. That at approximately 8:30 P.M. after having waited on Customs Line and been inspected and admitted, without incident, both PLAINTIFFS proceeded to the baggage area, retrieved their luggage and proceeded toward the exits of the Customs area.

26. That PLAINTIFFS did not violate any law.

27. That Defendants DOES #1-16 did not have reasonable suspicion to believe that PLAINTIFFS had violated any law.

28. That on their way toward the exit out of the Airport, two unknown CBP agents, Defendants DOES #1-2 stopped PLAINTIFFS and separated them from each other and directed them to two separate interrogation rooms some several feet away from the baggage claim area but still within the Customs Area where they had been previously admitted.

29. That the rooms themselves were very cold.

30. PLAINTIFFS were told that they must submit themselves to the directions of the CBP agents or else they would be handcuffed and taken to jail.

### ISMAY's INTERROGATION

31. That approximately six unknown CBP agents, Defendants DOES #3-8 were present at the interrogation room where ISMAY was directed and confined

32. That only one [hispanic] female unknown CBP agent, Defendants DOES #3 was among the CBP agents in the interrogation room with ISMAY.

33. That the remaining CBP agents, approximately five males [one black and four white], in the interrogation room were unknown male CBP agents, herein described as Defendants DOES #4-8.

34. That ISMAY requested for and was patently denied communication with anyone including her attorney, husband and other relations.

35. That Defendants herein, CBP agents, told ISMAY that they may call her husband and other relations by themselves only if they wish and that she is not allowed to make call.

4

36. That ISMAY requested to speak to her attorney but her requests were repeatedly denied by Defendants DOES #3-8, and they rebuked and reproached her stating in sum and substance that she didn't need "no attorney".

37. That ISMAY was, thereafter, subjected to a rigorous and repeated interrogation with vigor by, upon information and belief, approximately six experienced CBP agents, particularly Defendants DOES #3-8 for several hours.

38. That ISMAY was, particularly, questioned about the term "drug trafficking" and asked if she knew what the term "drug trafficking" meant and if she had been dealing in controlled substances.

39. That ISMAY repeatedly answered and told Defendants DOES #3-8 that she did not know or get involved in drug trafficking and that she had never engaged in dealing with any controlled substance.

40. That the above described Defendants CBP agents told her that drug trafficking is when someone conceals controlled substances inside one's luggage, private parts or has swallowed same for the purpose of transporting it for business purposes.

41. That ISMAY insisted that she has never engaged in such type of act/practice in her life.

42. That at a point, Defendants DOES #1-2 seized ISMAY's luggage including bag, iPad and other personalities from her.

43. That those seized items were taken from her to another separate room for inspection and searching without ISMAY's consent or justification to do so.

44. That nothing objectionable was found in the ISMAY's seized carry-on bags. Defendants CBP agents found no evidence of contraband or illegal activity during their search.

45. That ISMAY's medications and expensive wines and liquors were maliciously confiscated and discarded by Defendants CBP agents without ISMAY's consent and/or justification to do so.

46. That Defendants, particularly, confiscated and or discarded ISMAY's medications and items including: 1. Aminogen, 2. Cell Activator, 3. Multivitamin, 4. Cell-U-Loss and her newly purchased liquors includes: (1) 2 Quantity of Baileys I/C Van/Cinn 12 (2) 1 Quantity of El Dorado Rum Cream 12/, (3) 2 Quantity of Ciroc Peach Vodka 6/11t, (4) 1 Quantity Ciroc Coconut Vod 12/11 were confisticated.

47. That Defendants CBP agents further ordered ISMAY to be strip naked in the interrogation room where there were approximately five male and one female CBP agents.

48. That ISMAY complained that she was menstruating but Defendants CBP agents insisted that she should remove her underwear/ panties.

49. That ISMAY was compelled by Defendants DOES #3-8 to remove her panties.

50. That Defendant DOE #3 collected ISMAY's menstruation pad from her private parts, searched the pad and destroyed it.

51. That ISMAY was directed to squat down without her panties in the presence of male CBP agents, Defendants DOES #3-8.

52. That ISMAY squatted down as directed, without her panties, and her sexual private parts were exposed to everyone in the room including the five male CBP agents, Defendants DOES #3-8.

53. That ISMAY was in the process of discharging blood from her uterus and the blood was dripping down during the above described search.

54. That ISMAY was denied pad and/or toilet papers to replace her pad that was destroyed and thus for several hours ISMAY remained half naked with her sexual private parts exposed in the presence of Defendants CBP agents herein including Defendants DOES #4-8, male CBP agents.

55. That during the above described period, the female CBP agent, Defendant DOE #3, on multiple occasions used her hands and palms to touch and feel about ISMAY's body including her breasts.

56. That after multiple intrusive and degrading searches of ISMAY, Defendants DOES #3-8 concluded that nothing incriminating was found on ISMAY's person and/or in her possession.

57. That, nevertheless, ISMAY remained detained for several additional hours in the interrogation room and faced with further prolonged interrogation.

58. That ISMAY was asked to subject herself to further search, particularly, to an X-ray which would have required her to be taken to a Hospital.

59. That ISMAY responded that she did not want to go to a hospital as she was not transporting drugs.

60. That ISMAY was threatened because of her refusal to go for an X-ray scan and informed that she would remain detained for more additional period.

61. That Defendants DOES #3-8 further detained ISMAY in the interrogation room for additional several hours.

62. That ISMAY remained detained during the course of above described interrogation, Defendants DOES #3-8 would come into her room and make a dramatic showing of checking her heart rate on several occasions.

63. That during ISMAY detention she was denied access to bathroom because Defendants DOES #3-8 believed and communicated as much to her when she asked why she was being denied bathroom visits that they believed that she may go and destroy evidence.

64. That ISMAY perceived and told the CBP agents that their actions against her and STEPHANIE were not right, unlawful, racially motivated and a mistaken identity.

65. That one Defendant among Defendants DOES #3-8 answered and insisted that it was their right to search them because they were black women and that "they [black people] are the ones trafficking illegal drugs".

66. That Defendants DOES #3-8 repeatedly questioned ISMAY pertaining to her knowledge and/or relationship with **Emile Leitch-Poole** (hereinafter "EMILE") and **Ami Leon Leitch** (hereinafter AMI)

67. That Defendants DOES #3-8 further questioned ISMAY if she was trafficking or engaging in the business of controlled substance with EMILE and/or AMI.

68. That ISMAY was told by Defendants #3-8 that EMILE and AMI had used the same address as the address of ISMAY in the past and that the two had previously been arrested for trafficking and controlled substance offense.

69. That ISMAY said that she knew EMILE and AMI in person but never engaged in the business of trafficking controlled substances with them.

70. That ISMAY further explained to Defendants DOES #3-8 that she was not aware that EMILE and AMI lived at such address that was provided by the Defendants #3-8.

71. That ISMAY insisted that she was not living in the address but her sister, **Eulie Pinder** (hereinafter "EULIE") did and that EULIE is a hardworking and law abiding United States citizen.

72. That ISMAY's entire efforts to talk to her husband and attorney were repeatedly denied.

73. That ISMAY remained under the custody of the CBP for approximately more than five hours.

74. That when it was approximately 1:30 AM of the following day, October 19, 2014, Defendants DOES #3-8 finally agreed and decided to let ISMAY leave and she was told that she was free to leave.

75. That ISMAY then requested the return of her personal items and properties including her medications and liquors/wines that were removed from her bag.

76. That Defendants DOES #3-8 insisted that ISMAY's items had been discarded in the process and that there was nothing anyone could do about it.

77. That ISMAY was not given any documents by Defendants DOES #1-8 pertaining to her stop, arrest or detention.

78. That ISMAY was not charged with any crime or violation.

79. That the above described stop, arrest, detention and rigorous interrogation of ISMAY by Defendants DOES #1-8 were egregious, unacceptable, obvious and known to the Defendants', DOES #1-8, supervisors and colleagues at work.

80. That upon information and belief, supervisors and colleagues at work failed to intervene and took no action to stop, correct or amend the unlawful and harmful action of Defendants DOES #1-8 against ISMAY.

81. That pursuant to the above described incident ISMAY felt fear and panic and will continue to feel the same and particularly whenever ISMAY passes and sees CBP marked vehicle(s).

82. That ISMAY vividly recalls and often remembers the embarrassment and humiliation she had suffered from being detained, searched and/or compelled to expose her private parts with menstruation to Defendants DOES #3-8.

83. That pursuant to the above described incident, ISMAY engaged in practices of avoiding traveling through border for vacations and/or attending events.

84. That ISMAY had canceled several arranged holidays and events that occurred overseas solely because of the traumatic memory and its affects of the above described incidents.

85. That ISMAY has developed a constant and persistent anxiety that CBP agents, including Defendants DOES #1-8, will and continue to act with impunity at US borders, and will still discriminate against her and stop her simply because of the color of her skin or unreasonably for the act of another person.

86. That by intentionally, unlawfully, and in bad faith stopping, arresting, interrogating, detaining and searching of ISMAY under unlawful and harmful conditions, and by unlawfully seizing and converting her properties, and by willfully and intentionally with the use of authority touching and coercing her and exposing her private (Sexual) parts, even to several opposite sex (male) CBP agents, Defendants DOES #4-8, to the detriment of her mental state and dignity, the officers and agents described above committed the following common law torts: negligent hiring, negligent retention, negligent training, intentional infliction of emotional distress, and negligence.

87. That the actions of Defendants DOES #1-8 described above also committed the following torts under New York law: false arrest, false imprisonment, assault and battery, abuse, civil conspiracy, neglect and conversion

88. That the actions of the Defendants DOES #1-8 described above also violated ISMAY's constitutional rights as provided for by the first, fourth, fifth and fourteenth amendments of the United States Constitution, in that defendants did violate, both broadly and specifically, ISMAY's inherent Constitutional right to be free from "all substantial arbitrary impositions and purposeless restraints."

## STEPHANIE's INTERROGATION

89. That upon information and belief, approximately seven to eight CBP agents, Defendants DOES #9-16, were in the interrogation room with STEPHANIE.

90. That there were three females CBP agents, Defendants DOES #9-11, and four to five male, Defendants #12-16, agents.

91. That STEPHANIE was told that she's under investigation for her involvement in controlled substance trafficking crime.

92. That STEPHANIE was asked if she knows about the drug trafficking business and what drug trafficking means.

93. That STEPHANIE responded that she was not aware of the drug trafficking business and that she did not ever engaged in the business of trafficking in her life.

94. That among the Defendants DOES #9-16 snached STEPHANIE's bag and other properties from her and took them to a separate room.

95. That STEPHANIE was directed to remove her dress. She removed her dress as directed by the officers.

96. That among Defendants DOES #9-16, a female CBP agent, directed STEPHANIE to pull her panties down.

97. That the same agent then put her hand in between STEPHANIE's legs and searched her private parts with her hand in the presence of the male officers.

98. That the same agent used her palm and touched all over STEPHANIE's body.

99. That the agent also felt STEPHANIE's breasts more than three times.

100. That the agent eventually said that she found nothing incriminating in STEPHANIE's body.

101. That STEPHANIE was, thereafter, subjected to a vigorous interrogation about where she lives, who she was living with, where she works, who her relatives are, where she got money for her trip to Grenada, what she went to do in Grenada and so on and so forth.

102. That STEPHANIE was further questioned about her relationship with Emile Leitch-Poole (hereinafter "EMILE") and Ami Leon Leitch (hereinafter AMI). Particularly, STEPHANIE was questioned about the last time she met with EMILE and AMI, the purpose of their meeting and so on and so forth.

103. That STEPHANIE explained in detail that she has nothing to do with EMILE and AMI and nothing to do with trafficking in controlled substances.

104. That despite STEPHANIE's explanation, Defendants DOES #9-16 refused to let her go.

105. That STEPHANIE was asked to go for X-ray and she refused.

106. That STEPHANIE was further detained and confined alone for additional several hours in a freezing room.

107. That Defendants DOES #9-16 returned and re-examined STEPHANIE periodically in order to monitor and check her heartbeat.

108. That STEPHANIE was denied access to bathroom in order to ease herself because Defendants DOES #9-16 believed that she would destroy evidence.

109. That STEPHANIE suffered pains and discomforts for several hours being as her bladder filled up with urine but was denied access to bathroom.

110. That throughout these period of detention and interrogation, STEPHANIE was not allowed to consult with an attorney or her relatives.

111. That the stop, detention, interrogation and search of STEPHANIE were done against her wish and objections.

112. That after several hours of detention and denial of her civil rights, at approximately 1:30 AM of the following day, October, 19, 2014, Defendants DOES #9-16 told STEPHANIE that she was free to leave.

113. That STEPHANIE requested her bag and other items seized from her to be returned.

114. That STEPHANIE's bag was returned to her already damaged by Defendants DOES #9-16.

115. That Defendants DOES #9-16 had wilfully punched holes on STEPHANIE's traveling bag and searched every part of the bag inside out.

116. That STEPHANIE was not given any documents from the CBP related to her stop, arrest or detention.

117. That STEPHANIE was not charged with any crime or violation.

118. That during the approximately five or six hours of stop, arrest, detention and rigorous interrogation of STEPHANIE, the actions and conducts of Defendants DOES #1, 2, 9-16 were known to their supervisors and colleagues. Yet, upon information and belief, their supervisors and colleagues took no action to stop, intervene, correct or amend the unlawful and harmful action of Defendants DOES #1, 2, 9-16.

119. That as a result of the incident described herein, STEPHANIE felt fear and panic and continue to feel the same particularly whenever she thinks of traveling through an airport or other border-control entreport under the control of CBP agents and employees she often and vividly recalls the embarrassment she suffered from being detained and treated like a criminal.

120. That STEPHANIE has since avoided going on vacations or attending events again and has canceled several arranged holidays and events that have to do with traveling through the airport since the time of the incident described herein believing that even though she was not breaking the law in any way, Defendants herein and CBP agents at the airport acting with impunity may stop her simply because of the color of her skin or for the act of another person.

121. That by the action and conducts of the Defendants herein as described, being intentionally, unlawful and in bad faith, stopping, arresting, interrogating, detaining and searching STEPHANIE under unlawful and harmful conditions, and by unlawfully seizing and destroying STEPHANIE's properties, and by willfully and intentionally with the use of authority touching STEPHANIE improperly and coercing her to open her private parts and exposing and searching same in the presence of several other Defendant CBP officers of the opposite sex (male) to the detriment of her emotions, psyche and dignity, Defendants DOES #1, 2, 9-16 committed the following common law torts: negligent hiring, negligent retention, negligent training, intentional infliction of emotional distress, and negligence. the actions of

10

Defendants DOES #1, 2, 9-16 described above also committed the following torts under New York law: false arrest, false imprisonment, assault and battery, abuse, civil conspiracy, neglect, conversion.

122.    That the actions of the Defendants DOES #1,2,9-16 described above also violated STEPHANIE's constitutional rights as provided for by the first, fourth, fifth and fourteenth amendments of the United States Constitution, in that defendants did violate, both broadly and specifically, STEPHANIE's inherent Constitutional right to be free from "all substantial arbitrary impositions and purposeless restraints."

V.                                      **CAUSES OF ACTION**

### AS AND FOR THE FIRST CLAIM FOR RELIEF ON BEHALF ISMAY PINDER

**False Imprisonment in Violation of New York Law Against
Defendant United States of America
(Federal Tort Claims Act "FTCA" claim)**

123.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

124.    By their actions described above, including stopping, searching, detaining ISMAY and intentionally, knowingly, or recklessly made offensive and injurious contact with ISMAY's person without her consent and without legal authority or justification, Defendants intended to deprive ISMAY of freedom of movement by use of physical force/authority under the law. ISMAY was conscious of her arrest and did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing ISMAY harm.

125.    As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as employees, servants, agents and actors of the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1-8.

126.    This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

127.    By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

128.    By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE SECOND CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### False Imprisonment in Violation of New York Law Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

129.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

130.    By their actions described above, including stopping, searching, detaining STEPHANIE, and intentionally, knowingly, or recklessly made offensive and injurious contact with STEPHANIE's person without her consent and without legal authority or justification, Defendants intended to deprive STEPHANIE of freedom of movement by use of physical force/authority under the law. STEPHANIE was conscious of her arrest and did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing STEPHANIE harm.

131.    As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as employees, servants, agents and actors of the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1,2,9-16.

132.    This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

133.    By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great damage.

134.    By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount claimed under the administrative claims in this action.

## AS AND FOR THE THIRD CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Assault in Violation of New York Law Against
### Defendant United States of America
### (Federal Tort Claims Act "FTCA" claim)

135.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

136.   By their actions described above, including stopping, searching, and detaining ISMAY, Defendants DOES #1-8 intentionally and knowingly physically injured ISMAY. In addition, Defendants DOES #1-8 intentionally and knowingly threatened ISMAY with imminent harmful and offensive contact, and in fact caused ISMAY to apprehend imminent contact.

137.   As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1-8.

138.   This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

139.   By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

140.   By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE FOURTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Assault in Violation of New York Law Against
### Defendant United States of America
### (Federal Tort Claims Act "FTCA" claim)

141.   STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

142.   By their actions described above, including stopping, searching, and detaining STEPHANIE, Defendants DOES #1,2,9-16 intentionally and knowingly physically injured STEPHANIE. In addition, Defendants DOES #1,2,9-16 intentionally and knowingly threatened STEPHANIE with imminent harmful and offensive contact, and in fact caused STEPHANIE to apprehend imminent contact.

143.   As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1,2,9-16.

144.   This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

145.   By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

146.   By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE FIFTH CLAIM FOR RELIEF AS AND FOR ON BEHALF OF

### ISMAY PINDER

**Battery in Violation of New York Law Against**
**Defendant United States of America**
**(Federal Tort Claims Act "FTCA" claim)**

147.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

148.   By their actions described above, including stopping, searching, and detaining ISMAY, and intentionally, knowingly, or recklessly made offensive and injurious contact with ISMAY's person

without her consent and without legal authority or justification, Defendants intended to cause harmful contact, and in fact caused harmful contact to ISMAY.

149. As a proximate result of the acts alleged herein ISMAY suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1-8.

150. This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

151. By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

152. By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE SIXTH CLAIM FOR RELIEF AS AND FOR ON BEHALF OF

### STEPHANIE PINDER

**Battery in Violation of New York Law Against
Defendant United States of America
(Federal Tort Claims Act "FTCA" claim)**

153. STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

154. By their actions described above, including stopping, searching, and detaining STEPHANIE, and intentionally, knowingly, or recklessly made offensive and injurious contact with STEPHANIE person without her consent and without legal authority or justification, Defendants intended to cause harmful contact, and in fact caused harmful contact to STEPHANIE

155. As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their

employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1,2,9-16.

156. This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

157. By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE great detriment, injury and damage.

158. By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE SEVENTH CLAIM FOR RELIEF ON BEHALF OF

### ISMAY PINDER

### Conversion in Violation of
### New York Law Against Defendant United States of America
### (Federal Tort Claims Act "FTCA" claim)

159. ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

160. By their actions described above, including stopping, searching, detaining ISMAY, and intentionally, knowingly, or recklessly made offensive and injurious contact with ISMAY's person, searched her baggages, and removed some of her properties without her consent and without legal authority or justification, Defendants intended to deprive ISMAY of freedom of movement by use of physical force/authority under the law. ISMAY did not consent to such removal of her properties by Defendants. ISMAY did ask for her removed properties but defendants failed to return them back to her. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing ISMAY's harm.

161. As a proximate result of the acts alleged herein ISMAY suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #3-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #3-8.

162. This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #3-8.

163. By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

164. By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE EIGHTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Conversion in Violation of
### New York Law Against Defendant United States of America
### (Federal Tort Claims Act "FTCA" claim)

165. STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

166. By their actions described above, including stopping, searching, detaining STEPHANIE, and intentionally, knowingly, or recklessly made offensive and injurious contact with STEPHANIE's person, searched her baggages, and removed some of her properties without her consent and without legal authority or justification, Defendants intended to deprive STEPHANIE of freedom of movement by use of physical force/authority under the law. STEPHANIE did not consent to such removal of her properties by Defendants. STEPHANIE did ask for her removed properties but defendants failed to return them back to her. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing STEPHANIE's harm.

167. As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #9-16.

168. This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #9-16.

169. By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and

emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

170.    By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR NINTH CLAIM FOR RELIEF AS AND FOR ON BEHALF OF ISMAY PINDER

### Intentional Infliction of Emotional Distress in Violation of New York Law Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

171.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

172.    By the actions described above, including, but not limited to, profiling of ISMAY as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives and or her lawyer despite finding no evidence of contraband or illegal activity during their search; offensively directing and escorting ISMAY out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searching in the presence of the opposite sex CBP agents; and, causing physical injury to ISMAY to the point of causing ISMAY to tear and beg for respite in emotional pain-filled pleas, the Defendants engaged in extreme and outrageous conduct with the intention and/or with reckless disregard to the probability of causing severe emotional distress to ISMAY. ISMAY in fact suffered severe emotional distress and Defendants' actions were a substantial factor in causing such distress.

173.    As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1-8.

174.    This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

175.    By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has

incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

176.   By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of all lower Court.

## AS AND FOR THE TENTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Intentional Infliction of Emotional Distress in Violation of New York Law Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

177.   STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

178.   By the actions described above, including, but not limited to, profiling of STEPHANIE as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives and or her lawyer despite finding no evidence of contraband or illegal activity during their search; offensively directing and escorting STEPHANIE out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searching in the presence of the opposite sex CBP agents; and, causing physical injury to STEPHANIE to the point of causing STEPHANIE to tear and beg for respite in emotional pain-filled pleas, the Defendants engaged in extreme and outrageous conduct with the intention and/or with reckless disregard to the probability of causing severe emotional distress to STEPHANIE. STEPHANIE in fact suffered severe emotional distress and Defendants' actions were a substantial factor in causing such distress.

179.   As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1,2,9-16.

180.   This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

181.   By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future

will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

182.    By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE ELEVENTH CLAIM FOR RELIEF ON BEHALF OF

### ISMAY PINDER

### Negligent Infliction of Emotional Distress in Violation of New York Law Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

183.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

184.    By the actions described above, including, but not limited to, profiling of ISMAY as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity during their search; offensively directing and escorting ISMAY out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searches in the presence of the opposite sex CBP agents; and, causing physical injury to ISMAY to the point of causing ISMAY to tear and beg for respite with emotional pain-filled pleas, Defendants' engaged in negligent conduct as law enforcement officers insofar as there was no reasonable suspicion or probable cause to select ISMAY for interrogation and detainment other than simply her race, ethnicity, and/or national origin. ISMAY suffered severe emotional distress as a result of Defendants' negligence, which was a substantial factor in causing the emotional distress.

185.    As a proximate result of the acts alleged herein ISMAY suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1-8.

186.    This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

187.    By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer

additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

188.   By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

### AS AND FOR THE TWELFTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Negligent Infliction of Emotional Distress in Violation of New York Law Against Defendant United States of America (Federal Tort Claims Act "FTCA" claim)

189.   STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

190.   By the actions described above, including, but not limited to, profiling of STEPHANIE as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity during their search; offensively directing and escorting STEPHANIE out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searches in the presence of the opposite sex CBP agents; and, causing physical injury to STEPHANIE to the point of causing STEPHANIE to tear and beg for respite with emotional pain-filled pleas, Defendants' engaged in negligent conduct as law enforcement officers insofar as there was no reasonable suspicion or probable cause to select STEPHANIE for interrogation and detainment other than simply her race, ethnicity, and/or national origin. STEPHANIE suffered severe emotional distress as a result of Defendants' negligence, which was a substantial factor in causing the emotional distress.

191.   As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling him to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1,2,9-16.

192.   This action is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

193.   By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and

STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

194.    By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE THIRTEENTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Negligence in Violation of New York Law Against Defendant United States of America, U.S. Customs and Border Protection and DOES #1-8 (Federal Tort Claims Act "FTCA" claim)

195.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

196.    That Defendants DOES #3 through #8 were aware and or should have been aware in the exercise of reasonable due care as prescribed by regulation, statute, law and common decency that being female, ISMAY should not have been subject to a full body cavity search of her privates while in full and plain view of approximately five (5) male CBP agents who were present in the interrogation room thereto when and where CBP regulations explicitly state that only medical personnel of the same sex are allowed to conduct cavity searches in a non-exigent circumstances. Defendants DOES #3 through #8 owed ISMAY a duty of care of being diligent in their efforts to protect her legal rights and treat her with respect, dignity, and an appropriate level of privacy but breached that duty by failure to conduct cavity searches of ISMAY only with the proper legal authority and justification, with due recognition and deference for the human dignity of her being searched, and in accordance with the operational office's policies and procedures. Defendants DOES #3 through #8 owed a duty of care to ISMAY as a result of holding her in custody but breached that duty by not allowing ISMAY to receive appropriate treatment.

197.    The Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

   a.  Failing to consider the accurate information provided by ISMAY, specifically that she was not a drug user or seller;
   b.  Failing to respond to ISMAY's query as to why she was being detained;
   c.  Failing to protect ISMAY from coercive interrogation tactics;
   d.  Creating and/or sanctioning policies, patterns, practices and customs of selecting individuals to detain, and interrogate based on their race and/or ethnicity;
   e.  Failing to adequately train and supervise agents performing CBP duties;
   f.  Failing to perform a reasonable search of ISMAY's belongings and failing to cease detention and interrogation of ISMAY upon failure to produce evidence of weapons and/or contraband;
   g.  Failing to conduct cavity searches of ISMAY only with the proper legal authority and justification, with due recognition and deference for the human dignity of her being searched, and in accordance with the operational office's policies and procedures; and

h. Detaining, holding and seriously injuring a United States lawful permanent resident.

198. As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as employees of the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing DOES #1 through #8.

199. This action as it applies to Defendant United States is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

200. By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to her great detriment, injury and damage.

201. By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE FOURTEENTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Negligence in Violation of New York Law Against Defendant United States of America, U.S. Customs and Border Protection and DOES #1,2,9-16 (Federal Tort Claims Act "FTCA" claim)

202. ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

203. That Defendants DOES #9-16 were aware and or should have been aware in the exercise of reasonable due care as prescribed by regulation, statute, law and common decency that being female, STEPHANIE should not have been subject to a full body cavity search of her privates while in full and plain view of approximately five (5) male CBP agents who were present in the interrogation room thereto when and where CBP regulations explicitly state that only medical personnel of the same sex are allowed to conduct cavity searches in a non-exigent circumstances. Defendants DOES #1,2,9-16 owed STEPHANIE a duty of care of being diligent in their efforts to protect her legal rights and treat her with respect, dignity, and an appropriate level of privacy but breached that duty by failure to conduct cavity searches of STEPHANIE only with the proper legal authority and justification, with due recognition and deference for the human dignity of her being searched, and in accordance with the operational office's

23

policies and procedures. Defendant DOE #1,2,9-16 owed a duty of care to ISMAY as a result of holding her in custody but breached that duty by not allowing STEPHANIE to receive appropriate treatment.

204. The Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

    i. Failing to consider the accurate information provided by STEPHANIE, specifically that she was not a drug user or seller;

    j. Failing to respond to STEPHANIE's query as to why she was being detained;

    k. Failing to protect STEPHANIE from coercive interrogation tactics;

    l. Creating and/or sanctioning policies, patterns, practices and customs of selecting individuals to detain, and interrogate based on their race and/or ethnicity;

    m. Failing to adequately train and supervise agents performing CBP duties;

    n. Failing to perform a reasonable search of STEPHANIE's belongings and failing to cease detention and interrogation of STEPHANIE upon failure to produce evidence of weapons and/or contraband;

    o. Failing to conduct cavity searches of STEPHANIE only with the proper legal authority and justification, with due recognition and deference for the human dignity of her being searched, and in accordance with the operational office's policies and procedures; and

    p. Detaining, holding and seriously injuring a United States lawful permanent resident.

205. As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as employees of the CBP while acting under the course and scope of their employment and Defendant United States is liable for authorizing and/or acquiescing in the actions of, and/or employing Defendants DOES #1,2,9-16

206. This action as it applies to Defendant United States is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

207. By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to her great detriment, injury and damage.

208. By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

## AS AND FOR THE FIFTEENTH CLAIM FOR RELIEF ON BEHALF OF

### ISMAY PINDER

### Negligent Supervision Against Defendant United States of America
### (Federal Tort Claims Act "FTCA" claim)

209.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

210.   That the above described actions of the Defendant United States, by and through its agents, servants and employees, including Defendants DOES #1-8, constitutes negligence in that Defendant United States has a duty to train and supervise its agents, servants and employees to avoid impermissible, unsupportable and unconstitutional arrests, detentions and physical body-cavity searches but instead Defendant United States breached its duty by its failure to train its agents, servants and employees regarding such rules, norms and regulations who acted negligently and carelessly by stopping, arresting, detaining and strip-searching ISMAY illegally, unlawfully and without a probable cause, when they had a duty of care to avoid such stopping, arresting and strip-searching such person who they knew, or should have known in the exercise of reasonable care, that she should not be stopped, arrested, detained and/or strip-searched due to the fact that there was no legal basis to stop her, no incriminating item or suspicion was found, determined and perceived on her person or property for such stop, arrest, detention and search and as such said employees engaged in such negligent conduct of and to the rights and dignity of ISMAY and went further and stopped, arrested, detained and searched ISMAY including her private parts which is not expected or to be tolerated in a civilized society.

211.   That due to the Defendant United States's extreme and outrageous conduct, by and through the actions of its employees, agents or subagents, to wit the aforementioned Defendants DOES #1-8, ISMAY was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

212.   This action as it applies to Defendant United States is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1-8.

213.   By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

214.   By the reason of the foregoing, ISMAY has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

### AS AND FOR THE SIXTEENTH CLAIM FOR RELIEF ON BEHALF OF
### STEPHANIE PINDER

#### Negligent Supervision Against Defendant United States of America
#### (Federal Tort Claims Act "FTCA" claim)

215.   STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

216.   That the above described actions of the Defendant United States, by and through its agents, servants and employees, including Defendants DOES #1,2,9-16, constitutes negligence in that Defendant United States has a duty to train and supervise its agents, servants and employees to avoid impermissible, unsupportable and unconstitutional arrests, detentions and physical body-cavity searches but instead Defendant United States breached its duty by its failure to train its agents, servants and employees regarding such rules, norms and regulations who acted negligently and carelessly by stopping, arresting, detaining and strip-searching STEPHANIE illegally, unlawfully and without a probable cause, when they had a duty of care to avoid such stopping, arresting and strip-searching such person who they knew, or should have known in the exercise of reasonable care, that she should not be stopped, arrested, detained and/or strip-searched due to the fact that there was no legal basis to stop her, no incriminating item or suspicion was found, determined and perceived on her person or property for such stop, arrest, detention and search and as such said employees engaged in such negligent conduct respecting the rights and dignity of STEPHANIE and went further and stopped, arrested, detained and searched STEPHANIE including her private parts which is not expected or to be tolerated in a civilized society.

217.   That due to the Defendant United States's extreme and outrageous conduct, by and through the actions of its employees, agents or subagents, to wit the aforementioned Defendants DOES #1,2,9-16, STEPHANIE was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

218.   That such extreme and outrageous conduct shocks the conscious, is not expected or to be tolerated in a civilized society, and STEPHANIE demands damages therefrom.

219.   This action as it applies to Defendant United States is brought pursuant to the Federal Tort Claims Act under which Defendant United States is liable for the actions of Defendants DOES #1,2,9-16.

220.   By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and

STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury damage.

221.    By the reason of the foregoing, STEPHANIE has been damaged in an amount not lower than the amount previously claimed before administrative agency in this action.

### AS AND FOR THE SEVENTEENTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

#### False Arrest in Violation of the Fourth Amendment to the U.S. Constitution Against Defendants DOES #1-8
#### (Bivens Claim)

222.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

223.    By their actions described above, including the stop, arrest, detention and interrogation of ISMAY, Defendants DOES #1-8 acted under the color of federal law to deprive ISMAY of her right to be free from unreasonable searches and seizures, by searching, seizing, and detaining ISMAY without reasonable suspicion or probable cause that she had committed or was committing a crime, in violation of the Fourth Amendment to the U.S. Constitution.

224.    By their actions described above, including stopping, searching, detaining ISMAY and intentionally, knowingly, or recklessly made offensive and injurious contact with ISMAY's person without her consent and without legal authority or justification, Defendants intended to deprive ISMAY of freedom of movement by use of physical force/authority under the law. ISMAY was conscious of her arrest and detention did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing ISMAY harm

225.    This cause of action for the violation of ISMAY's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

226.    By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

227.    By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

### AS AND FOR THE EIGHTEENTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### False Arrest in Violation of the Fourth Amendment to the U.S. Constitution Against Defendants DOES #1,2,9-16
### (Bivens Claim)

228.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

229.    By their actions described above, including the stop, arrest, detention and interrogation of STEPHANIE, Defendants DOES #1,2,9-16 acted under the color of federal law to deprive STEPHANIE of her right to be free from unreasonable searches and seizures, by searching, seizing, and detaining STEPHANIE without reasonable suspicion or probable cause that she had committed or was committing a crime, in violation of the Fourth Amendment to the U.S. Constitution.

230.    By their actions described above, including stopping, searching, detaining STEPHANIE and intentionally, knowingly, or recklessly made offensive and injurious contact with STEPHANIE's person without her consent and without legal authority or justification, Defendants intended to deprive STEPHANIE of freedom of movement by use of physical force/authority under the law. STEPHANIE was conscious of her arrest and did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing STEPHANIE harm

231.    This cause of action for the violation of STEPHANIE's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

232.    By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

233.    By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

### AS AND FOR THE NINETEENTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

**False Imprisonment in Violation of the Fourth Amendment to the U.S. Constitution**
**Against Defendants DOES #1-8**
**(Bivens Claim)**

234.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

235.   By their actions described above, including the stop, detention and interrogation of ISMAY, Defendants DOES #1-8 acted under the color of federal law to deprive ISMAY of her right to be free from unreasonable searches and seizures, by searching, seizing, and detaining ISMAY without reasonable suspicion or probable cause that she had committed or was committing a crime, in violation of the Fourth Amendment to the U.S. Constitution.

236.   By their actions described above, including stopping, searching, detaining ISMAY and intentionally, knowingly, or recklessly made offensive and injurious contact with ISMAY's person without her consent and without legal authority or justification, Defendants intended to deprive ISMAY of freedom of movement by use of physical force/authority under the law. ISMAY was conscious of her arrest and did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing ISMAY harm

237.   This cause of action for the violation of ISMAY's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

238.   By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

239.   By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTIETH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

**False Imprisonment in Violation of the Fourth Amendment to the U.S. Constitution**
**Against Defendants DOES #1,2,9-16**
**(Bivens Claim)**

240.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

241.    By their actions described above, including the stop, detention and interrogation of STEPHANIE, Defendants DOES #1,2,9-16 acted under the color of federal law to deprive STEPHANIE of her right to be free from unreasonable searches and seizures, by searching, seizing, and detaining STEPHANIE without reasonable suspicion or probable cause that she had committed or was committing a crime, in violation of the Fourth Amendment to the U.S. Constitution.

242.    By their actions described above, including stopping, searching, detaining STEPHANIE and intentionally, knowingly, or recklessly made offensive and injurious contact with STEPHANIE's person without her consent and without legal authority or justification, Defendants intended to deprive STEPHANIE of freedom of movement by use of physical force/authority under the law. STEPHANIE was conscious of her arrest and did not consent to such confinement by Defendants. Defendants' actions caused actual harm in the form of physical, emotional and economic injuries. Defendants conduct was the substantial factor in causing STEPHANIE harm

243.    This cause of action for the violation of STEPHANIE's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

244.    By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great damage.

245.    By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-FIRST CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Unreasonable Search and Seizure in Violation of the Fourth Amendment to the U.S. Constitution Against Defendants DOES #1-8
### (Bivens Claim)

246.    ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

247.    That Defendants DOES #1-8 acted under the color of federal law and deprived ISMAY of her right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the U.S.

Constitution, by searching her person and baggage and seizing her properties without her consent and they have no lawful justification to do such.

248. This cause of action for the violation of ISMAY's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

249. By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

250. By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-SECOND CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Unreasonable Search and Seizure in Violation of the Fourth Amendment to the U.S. Constitution Against Defendants DOES #1,2,9-16 (Bivens Claim)

251. STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

252. That Defendants DOES #1,2,9-16 acted under the color of federal law and deprived STEPHANIE of her right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the U.S. Constitution, by searching her person and baggage and seizing her properties without her consent and they have no lawful justification to do such.

253. This cause of action for the violation of STEPHANIE's Fourth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

254. By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

255. By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY THIRD CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Equal Protection in Violation of the Fifth Amendment to the United States Constitution Against Defendants DOES #1-8
### (Bivens Claim)

256. ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

257. The Due Process Clause of the United States Constitution incorporates the guarantee of equal protection of the law, that "no one shall be deprived of life, liberty or property without due process of law," as applied to the federal government.

258. As a person of Afro-Caribbean ethnicity, race, and national origin, ISMAY is a member of a protected class. By their actions described above, including stopping and selecting ISMAY for investigation, at least in part, on the basis of her ethnicity, race and/or national origin, and not subjecting other boarding passengers of the flight, to the same treatment, Defendants, acting under color of law federal law, engaged in profiling and discrimination against ISMAY and deprived ISMAY of equal protection of the laws, as guaranteed by the Fifth Amendment to the Constitution of the United States.

259. As a direct and proximate result of Defendants' actions, ISMAY experienced psychiatric trauma and emotional distress for being profiled on account of her ethnicity, race, and/or national origin particularly by the answer of one agent telling ISMAY that they had the right to search them because they were black women and that "they are the ones trafficking illegal drugs".

260. Defendants DOES #1-8 were acting under the color of federal law in their capacity as CBP officers and their actions were conducted within the scope of their official duties or employment.

261. This cause of action for the violation of ISMAY's Fifth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

262. By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

263. By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-FOURTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Equal Protection in Violation of the Fifth Amendment to the United States Constitution Against Defendants DOES #1,2,9-16
### (Bivens Claim)

264. STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

265. The Due Process Clause of the United States Constitution incorporates the guarantee of equal protection of the law, that "no one shall be deprived of life, liberty or property without due process of law," as applied to the federal government.

266. As a person of Afro-Caribbean ethnicity, race, and national origin, STEPHANIE is a member of a protected class. By their actions described above, including stopping and selecting STEPHANIE for investigation, at least in part, on the basis of her ethnicity, race and/or national origin, and not subjecting other boarding passengers of the flight, to the same treatment, Defendants, acting under color of law federal law, engaged in profiling and discrimination against STEPHANIE and deprived STEPHANIE of equal protection of the laws, as guaranteed by the Fifth Amendment to the Constitution of the United States.

267. As a direct and proximate result of Defendants' actions, STEPHANIE experienced psychiatric trauma and emotional distress for being profiled on account of her ethnicity, race, and/or national origin particularly by the answer of one agent telling STEPHANIE that they had the right to search them because they were black women and that "they are the ones trafficking illegal drugs".

268. Defendants DOES #1,2,9-16 were acting under the color of federal law in their capacity as CBP officers and their actions were conducted within the scope of their official duties or employment.

269. This cause of action for the violation of STEPHANIE's Fifth Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

270. By the reason of the foregoing, STEPHANIE, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great damage.

271.   By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-FIFTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Denial of Freedom of Speech in Violation of the First Amendment to the United States Constitution Against Defendants DOES #1-8
### (Bivens Claim)

272.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

273.   The First Amendment to the United States Constitution provides that "Congress shall make no law ... abridging the freedom of speech, or of the press." This language restricts government's ability to constrain the speech of citizens. ISMAY's decision to call her husband, attorney and other relatives are speech protected by the First Amendment to the United States Constitution.

274.   Defendants DOES #3 through #8 acted under the color of federal law and deprived ISMAY of her right to be free from being denied of her freedom of speech, as guaranteed by the First Amendment to the U.S. Constitution, by forcefully and offensively preventing her from using her phone to call and communicate her circumstances to her husband, attorney and other relations during her unlawful seizure by DOES #3 through #8 without her consent and they have no lawful justification to do such.

275.   This cause of action for the violation of ISMAY's First Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

276.   By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

277.   By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-SIXTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Denial of Freedom of Speech in Violation of the First Amendment to the United States Constitution Against Defendants DOES #1,2,9-16
### (Bivens Claim)

278. STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

279. The First Amendment to the United States Constitution provides that "Congress shall make no law ... abridging the freedom of speech, or of the press." This language restricts government's ability to constrain the speech of citizens. STEPHANIE's decision to call her attorney and other relatives are speech protected by the First Amendment to the United States Constitution.

280. Defendants DOES #1,2,9-16 acted under the color of federal law and deprived STEPHANIE of her right to be free from being denied of her freedom of speech, as guaranteed by the First Amendment to the U.S. Constitution, by forcefully and offensively preventing her from using her phone to call and communicate her circumstances to her husband, attorney and other relations during her unlawful seizure by DOES #1,2,9-16 without her consent and they have no lawful justification to do such.

281. This cause of action for the violation of STEPHANIE's First Amendment right is brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

282. By the reason of the foregoing, STEPHANIE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great damage.

283. By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

### AS AND FOR THE TWENTY-SEVENTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

#### Intentional Infliction of Emotional Distress Against Defendants DOES #1-8

284. ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

285. By the actions described above, including, but not limited to, profiling of ISMAY as a criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity on her person or in her property during their search; offensively directing and escorting ISMAY out of her way and

into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searches in the presence of the opposite sex CBP agents; and, causing physical injury to ISMAY to the point of causing ISMAY to tear with emotional pain-filled pleas, the Defendants engaged in extreme and outrageous conduct with the intention and/or with reckless disregard to the probability of causing severe emotional distress to ISMAY. ISMAY in fact suffered severe emotional distress and Defendants' actions were a substantial factor in causing such distress.

286.    As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and are liable for injuries and damages suffered by ISMAY.

287.    By the reason of the foregoing, ISMAY was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

288.    By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE TWENTY-EIGHTH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Intentional Infliction of Emotional Distress Against Defendants DOES #1,2,9-16

289.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

290.    By the actions described above, including, but not limited to, profiling of STEPHANIE as a criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity on her person or in her property during their search; offensively directing and escorting STEPHANIE out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others, detaining, interrogating, cavity searches in the presence of the opposite sex CBP agents; and, causing physical injury to STEPHANIE to the point of causing STEPHANIE to tear with emotional pain-filled pleas, the Defendants engaged in extreme and outrageous conduct with the intention and/or with reckless disregard to the probability of causing severe emotional distress to STEPHANIE. STEPHANIE in fact suffered severe emotional distress and Defendants' actions were a substantial factor in causing such distress.

291.   As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and are liable for injuries and damages suffered by STEPHANIE.

292.   By the reason of the foregoing, STEPHANIE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue STEPHANIE's usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great detriment, injury and damage.

293.   By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the  request for relief below.

## AS AND FOR THE  TWENTY- NINTH CLAIM FOR RELIEF ON BEHALF OF ISMAY PINDER

### Negligent Infliction of Emotional Distress Against Defendants DOES #1-8

294.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

295.   By the actions described above, including, but not limited to, profiling of ISMAY as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity on her person or in her property during their search; offensively directing and escorting ISMAY out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others; detaining, interrogating and performing full body cavity searches in the presence of CPB agents of the opposite sex; and, causing physical injury to ISMAY to the point of inducing ISMAY to cry and tear emotional pain-filled pleas, Defendants' engaged in negligent conduct as law enforcement officers insofar as there was no reasonable suspicion or probable cause to select ISMAY for interrogation and detainment other than simply her race, ethnicity, and/or national origin and that ISMAY suffered severe emotional distress as a result of Defendants' negligence, which was a substantial factor in causing the emotional distress.

296.   As a proximate result of the acts alleged herein ISMAY suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1-8 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and are liable for the injuries and damages suffered by ISMAY.

297.    By the reason of the foregoing, ISMAY, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue ISMAY's usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great detriment, injury and damage.

298.    By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THE THIRTIETH CLAIM FOR RELIEF ON BEHALF OF STEPHANIE PINDER

### Negligent Infliction of Emotional Distress Against Defendants
### DOES #1,2,9-16

299.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

300.    By the actions described above, including, but not limited to, profiling of STEPHANIE as criminal dealing in controlled substances, angrily yelling accusations that she was a drug carrier, refusing to allow her to call her relatives despite finding no evidence of contraband or illegal activity on her person or in her property during their search; offensively directing and escorting STEPHANIE out of her way and into separate interrogation rooms at JFK International Airport in the presence and view of others; detaining, interrogating and performing full body cavity searches in the presence of CPB agents of the opposite sex; and, causing physical injury to STEPHANIE to the point of inducing her to cry and tear emotional pain-filled pleas, Defendants' engaged in negligent conduct as law enforcement officers insofar as there was no reasonable suspicion or probable cause to select STEPHANIE for interrogation and detainment other than simply her race, ethnicity, and/or national origin and that STEPHANIE suffered severe emotional distress as a result of Defendants' negligence, which was a substantial factor in causing the emotional distress.

301.    As a proximate result of the acts alleged herein STEPHANIE suffered harm, entitling her to damages in an amount to be proven at trial. Defendants DOES #1,2,9-16 committed these actions as law enforcement officers employed by the CBP while acting under the course and scope of their employment and are liable for the injuries and damages suffered by STEPHANIE.

302.    By the reason of the foregoing, STEPHANIE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future

will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence all to her great detriment, injury and damage.

303.   By the reason of the foregoing, STEPHANIE has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THIRTY-FIRST CLAIM FOR RELIEF ON BEHALF OF

### ISMAY PINDER

### Failure to Intervene Against Defendants DOES #1-8

304.   ISMAY realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

305.   That Defendants DOES #1-8 had an affirmative duty to intervene on behalf of ISMAY, whose constitutional rights were being violated in their presence by other officers.

306.   That Defendants DOES #1-8 failed to intervene to prevent the unlawful conduct described herein.

307.   That such conduct was extreme and outrageous and shocks the conscience, is not expected or to be tolerated in a civilized society, and ISMAY demands damages therefrom.

308.   By the reason of the foregoing, ISMAY was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and ISMAY will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and ISMAY has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and ISMAY has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and ISMAY will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence all to ISMAY's great damage.

309.   By the reason of the foregoing, ISMAY has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the request for relief below.

## AS AND FOR THIRTY-SECOND CLAIM FOR RELIEF ON BEHALF OF
## STEPHANIE PINDER

### Failure to Intervene Against Defendants DOES #1,2,9-16

310.    STEPHANIE realleges and reincorporates each and every allegations set forth in the preceding paragraphs as if fully set forth herein.

311.    That Defendants DOES #1,2,9-16 had an affirmative duty to intervene on behalf of ISMAY, whose constitutional rights were being violated in their presence by other officers.

312.    That Defendants DOES #1,2,9-16 failed to intervene to prevent the unlawful conduct described herein.

313.    That such conduct was extreme and outrageous and shocks the conscience, is not expected or to be tolerated in a civilized society, and STEPHANIE demands damages therefrom.

314.    By the reason of the foregoing, STEPHANIE was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and STEPHANIE will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and STEPHANIE has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and STEPHANIE has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and STEPHANIE will be unable to pursue her usual duties with the same degree of efficiency as prior to this occurrence all to STEPHANIE's great damage.

315.    By the reason of the foregoing, STEPHANIE  has been damaged in an amount exceeding the jurisdictional limits of this Court and described more fully in the  request for relief below.

VI.                                             **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS, ISMAY EBOLA PINDER and STEPHANIE CRYSTAL PINDER,  respectfully requests this Court to award:

   a.  Compensatory damages for torts committed against PLAINTIFFS ISMAY and STEPHANIE, in a total amount not lower than $2,500,000.00;
   b.  Compensatory damages for violation of constitutional rights, PLAINTIFFS ISMAY and STEPHANIE, in a total amount not more lower than $2,500,000.00;
   c.  Declaratory relief for violation of constitutional rights and for violations of the Federal Tort Claims Act;
   d.  Punitive damages in in a total amount not more lower than $2,500,000.00;
   e.  Nominal damages;
   f.  Pursuant to Section 1988, an award of reasonable attorneys' fees, costs, and expenses of litigation; and
   g.  Such additional and further relief as the Court may deem just and proper.

VII.                                           **DEMAND FOR JURY TRIAL**

PLAINTIFFS, ISMAY PINDER and STEPHANIE PINDER, demands a trial by jury on any and all issues triable by a jury.

**Dated**: New York, New York
February 25, 2016.

Respectfully submitted,

_____

Rehan Nazrali, Esq.
305 Broadway, 14th Floor
New York, NY 10007.
P: (212) 897-5882
E: rnazraliesq@gmail.com

## Verification

UNITED STATES DISTRICT COURT   )

                                     )

EASTERN DISTRICT OF NEW YORK   )

STEPHANIE. PINDER, being first duly sworn hereby deposes and says that:

1. I am the Plaintiff of the within Complaint in this action
2. I am over eighteen years of age and reside in Kings County of the City of New York
3. I verify that the statements made in the within Complaint are true to the best of my knowledge and belief
4. I further verify that the statements made in the within affidavit are true to my knowledge except to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_Stephanie Pinder_
STEPHANIE PINDER

Sworn to before me on  2/25/2016

Notary Public

Anderson Miles Munro
Notary Public, State of New York
No. 01MU6221578
Qualified in Suffolk County
Commission Expires May 3, 20_18_

Verification

UNITED STATES DISTRICT COURT        )
                                                                  )
EASTERN DISTRICT OF NEW YORK        )

ISMAY A. PINDER, being first duly sworn hereby deposes and says that:

1. I am the Plaintiff of the within Complaint in this action
2. I am over eighteen years of age and reside in Kings County of the City of New York
3. I verify that the statements made in the within Complaint are true to the best of my knowledge and belief
4. I further verify that the statements made in the within affidavit are true to my knowledge except to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Ismay A. Pinder

Sworn to before me on 2/25/16

Notary Public

Rehan Nazrali, Esq. - Notary Public
State of New York - Queens County
No. 02NA6170078
My Commission Expires: 8/10/16

**UNITED STATES DISTRICT COURT YORK**
**EASTERN DISTRICT OF NEW YORK**

ISMAY ABOLA PINDER and
STEPHANIE CRYSTAL PINDER
                    Plaintiffs

                                        **SUMMONS AND**
                                        **COMPLAINT**

        -against-
UNITED STATES OF AMERICA
and DOES #1-16 (Unidentified CBP Agents
"Does" #1-16 – The Names Of Whom
Are Fictitious As The True Names Are Unknown But
Intended To Designate CBP Agents
Assigned To JFK International Airport At The
Times And Places Alleged)

**REHAN NAZRALI, ESQ.**
305 Broadway, 14th Floor
New York, NY 10007
Tel. (212) 897-5882

**To: ALL COUNSEL**
**Attorney(s) for**
**THE Defendants**

**Service of a copy of the within Summons and Complaint**

                                        _____
                                        **Attorney(s) for Defendants**

**Counselor(s) : Please Take notice**

*NOTICE OF ENTRY*
**that the within is a (certified) true copy of a**
**duly entered order in the office of the clerk of the within named court on**

*NOTICE OF SETTLEMENT*
**that an order for of which the within is a true copy will be presented for**
**settlement to the HON. one of the justices of the within named Court at**
**the within is a (certified) true copy of a duly entered**