UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ISMAY ABOLA PINDER  and
STEPHANIE CRYSTAL PINDER,                                    **ANSWER TO
                                                            COMPLAINT**

                                                            16 CV 2539

                              Plaintiffs,
                                                            (Garaufis, J.)
              -against-                                     (Levy, M.J.)

UNITED STATES OF AMERICA, DOES #1-16
(Unidentified United States Customs Border
Protection Agents "DOES" #1-16, the Names of
Whom Are Fictitious As the True Names Are
Unknown but Intended To Designate Such Agents
Assigned to JFK International Airport At The Times
And Places Alleged),


                              Defendants.

------------------------------------------------------------------X

        Defendant United States of America, by and through its attorney, Robert L. Capers**,**

United States Attorney, Eastern District of New York, Elliot M. Schachner, Assistant United

States Attorney, of counsel, answers the correspondingly numbered paragraphs of the Complaint

upon information and belief as follows[1]:

        1.  Denies the allegations, except admits that Plaintiffs Ismay Abola Pinder ("Ismay") and

Stephanie Crystal Pinder ("Stephanie")  purport to bring this action pursuant to Bivens v. Six

Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the

Constitution of the United States and the Federal Tort Claims Act ("FTCA").

---

        [1]   This answer is submitted solely on behalf of defendant United States of America, as
counsel for the United States does not presently represent any of the other defendants named in
the Complaint.

2.  Denies the allegations, and further  denies knowledge or information sufficient to form a belief as to the truth of the allegations that Ismay is a 40-year old, married woman and a citizen of Guyana.

3.  Denies the allegations, except admits that Stephanie is a woman; Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Stephanie is 23 years old.

4.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

5.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations, except admits that no contraband was found in Plaintiffs' carry-on bags or checked luggage.

6.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

7.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

8.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

9.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations, except to state that the jurisdictional basis, if any, for Plaintiffs' claims against the United States is 28 U.S.C. § 1346(b).

10.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

11.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

12.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

13.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

14.  Denies the allegations, except admits that, on October 18, 2014, Ismay was a lawful permanent resident of the United States; admits that Ismay is, and on October 18, 2014 was, a woman; and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that she is, and at all times relevant was, married and a resident of County of Kings, City and State of New York.

15.  Denies the allegations, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Stephanie is, and at all times relevant was, a resident of County of Kings, City and State of New York.

16.  This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations, except admits that the United States of America is the proper defendant on Plaintiff's claims under the FTCA.

17.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

18.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

19.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

20.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Customs and Border Protection ("CBP") is an agency of the United States of America.

21.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

22.  No response is required to this paragraph, as the allegations in this paragraph constitute a characterization of Plaintiffs' allegations against unnamed and unidentified individuals.  To the extent a response is required, denies the allegations.

23.  Denies the allegations; except admits that Ismay and Stephanie arrived at John F. Kennedy International Airport ("JFK") on October 18, 2014 on a flight from Grenada, and admits that Ismay and Stephanie are women and that Stephanie is a United States citizen; and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Ismay is 40 years old and married, that Stephanie is 25 years old, that Stephanie is Ismay's niece, and that Stephanie and Ismay traveled to Grenada to attend a burial ceremony.

24.  Denies the allegations, except admits that on or about October 18, 2014, both Plaintiffs deplaned from their Delta Airlines flight which had landed at JFK and proceeded to the primary inspection line maintained by CBP.

25.  Denies the allegations, except admits that Plaintiffs completed primary inspection.

26.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

27.  Denies the allegations.

28.  Denies the allegations, except admits that Plaintiffs were referred to secondary inspection.

29.  Denies the allegations.

30.  Denies the allegations.

31.  Denies the allegations, except admits that a second inspection was conducted of Ismay.

32.  Denies the allegations

33.  Denies the allegations.

34.  Denies the allegations, except admits that, under standard CBP practice, an individual who is undergoing a secondary inspection is not permitted to contact other individuals.

35.  Denies the allegations, except admits that, under standard CBP practice, an individual who is undergoing a secondary inspection is not permitted to contact other individuals.

36.  Denies the allegations, except admits that, under standard CBP practice, an individual who is undergoing a secondary inspection is not permitted to contact other individuals.

37.  Denies the allegations.

38.  Denies the allegations.

39.  Denies the allegations.

40.  Denies the allegations.

41.  Denies the  allegations.

42.  Denies the allegations, except admits that Ismay's baggage was detained.

43.  Denies the allegations, except admits that the baggage was searched in Ismay's presence.

44.  Denies the allegation that the baggage was seized, except admits that CBP agents discovered no evidence of contraband or illegal activity during the search..

45.  Denies the allegations.

46.  Denies the allegations.

47.  Denies the allegations.

48.  Denies the allegations, except admits that Ismay was subjected to a partial body search,which involved her briefly lowering her pants and panties.

49.  Denies the allegations, except that Ismay briefly lowered her panties.

50.  Denies the allegations.

51.  Denies the allegations.

52.  Denies the allegations.

53.  Denies the allegations.

54.  Denies the allegations

55.  Denies the allegations.

56. Denies the allegations, except admits that no contraband was found on Ismay's person and/or in her possession.

57.  Denies the allegations.

58.  Denies the allegations.

59.  Denies the allegations.

60.  Denies the allegations.

61.  Denies the allegations.

62.  Denies the allegations.

63.  Denies the allegations.

64.  Denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Ismay perceived.

65.  Denies the allegations.

66.  Denies the allegations, except admits that Ismay was questioned regarding Emile Leitch ("Emile") and Ami Leitch ("Ami").

67.  Denies the allegations, except admits that Ismay was questioned regarding Emily and Ami.

68.  Denies the allegations, except admits that Ismay was questioned regarding Emile and Ami.

69.  Denies the allegations, except admits that Ismay was questioned regarding Emile and Ami.

70.  Denies the allegations, except admits that Ismay was questioned regarding Emile and Ami.

71.  Denies the allegations, except admits that Ismay was questioned regarding Emile and Ami.

72.  Denies the allegations, except admits that, under standard CBP practice, an individual who is undergoing a secondary inspection is not permitted to contact other individuals.

73.  Denies the allegations.

74.  Denies the allegations.

75.  Denies the allegations.

76.  Denies the allegations.

77.   Denies the allegations, except admits that Ismay was not given any documents by CBP.

78.   Admits the allegations.

79.   Denies the allegations.

80.   Denies the allegations, except state that the allegation of "unlawful and harmful action" is a statement of law as to which no response is required.  To the extent a response is required, denies that allegation.

81.   Denies knowledge or information sufficient to form a belief as to the truth of the allegation.

82.   Denies the allegations.

83.   Denies the allegations; and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Ismay engaged in practices of avoiding traveling through the border for vacations and/or attending events.

84.   Denies the allegations; and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Ismay had canceled several arranged holidays and events that occurred overseas.

85.   Denies the allegations.

86.   Denies the allegations.

87.   This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

88.   This paragraph sets forth statements of law as to which no response is required.  To the extent a response is required, denies the allegations.

89.   Denies the allegations.

90.  Denies the allegations.

91.  Denies the allegations.

92.  Denies the allegations.

93.  Denies the allegations.

94.  Denies the allegations.

95.  Denies the allegations.

96.  Denies the allegations.

97.  Denies the allegations.

98.  Denies the allegations, except admits that a pat-down search was conducted of Stephanie.

99.  Denies the allegations.

100.  Denies the allegations.

101.  Denies the allegations, except admits that Stephanie was questioned.

102.  Denies the allegations, except admits that Stephanie was questioned regarding Emile and Ami.

103.  Denies the allegations, except admits that Stephanie was questioned regarding Emile and Ami.

104.  Denies the allegations.

105.  Denies the allegations.

106.  Denies the allegations.

107.  Denies the allegations.

108.  Denies the allegations.

109.  Denies the allegations.

110.  Denies the allegations, except admits that, under standard CBP practice, a person who is undergoing a secondary inspection is not permitted to contact other individuals.

111.  Denies the allegations; and further denies knowledge or information sufficient to form a belief as to whether the secondary inspection was conducted against the wish and objections of Stephanie.

112.  Denies the allegations.

113.  Denies the allegations.

114.  Denies the allegations, except admits that Stephanie's bag was returned to her.

115.  Denies the allegations.

116.  Denies the allegations, except admits that Stephanie was not given any documents by CBP.

117.  Admits the allegations.

118.  Denies the allegations, except admits that Stephanie did undergo a secondary inspection.

119.  Denies the allegations.

120.  Denies the allegations; and further denies knowledge or information sufficient to form a belief as to the truth of the allegations that Stephanie has "avoided going on vacations or attending events again and has cancelled several holidays and events that have to do with traveling through an airport or other border-control entreport [sic] under the control of CBP agents and employees."

121.  Denies the allegations.

122.  Denies the allegations.

## FIRST CLAIM FOR RELIEF

123.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

124-128. These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## SECOND CLAIM FOR RELIEF

129.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

130-134.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## THIRD CLAIM FOR RELIEF

135.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

136-140.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## FOURTH CLAIM FOR RELIEF

141.    Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

142-146.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## FIFTH CLAIM FOR RELIEF

147.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

148-152.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## SIXTH CLAIM FOR RELIEF

153.    Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

154-158.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## SEVENTH CLAIM FOR RELIEF

159.    Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

160-164.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## EIGHTH CLAIM FOR RELIEF

165.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

166-170.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## NINTH CLAIM FOR RELIEF

171.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

172-176.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TENTH CLAIM FOR RELIEF

177.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

178-182.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## ELEVENTH CLAIM FOR RELIEF

183.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

184-188.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWELFTH CLAIM FOR RELIEF

189.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

190-194.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## THIRTEENTH CLAIM FOR RELIEF

195.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

196-201.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## FOURTEENTH CLAIM FOR RELIEF

202.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

203-208.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## FIFTEENTH CLAIM FOR RELIEF

209.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

210-214.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## SIXTEENTH CLAIM FOR RELIEF

215.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

216-221.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## SEVENTEENTH CLAIM FOR RELIEF

222.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

223-227.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## EIGHTEENTH CLAIM FOR RELIEF

228.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

229-233.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## NINETEENTH CLAIM FOR RELIEF

234.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

235-239.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTIETH CLAIM FOR RELIEF

240.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

241-245.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTY-FIRST CLAIM FOR RELIEF

246.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

247-250.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTY-SECOND CLAIM FOR RELIEF

251.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

252-255.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTY-THIRD CLAIM FOR RELIEF

256.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

257-263.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

### TWENTY-FOURTH CLAIM FOR RELIEF

264.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

265-271.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

### TWENTY-FIFTH CLAIM FOR RELIEF

272.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

273-277.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

### TWENTY-SIXTH CLAIM FOR RELIEF

278.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

279-283.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

### TWENTY-SEVENT H CLAIM FOR RELIEF

284.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

285-288.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTY-EIGHTH CLAIM FOR RELIEF

289.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

290-293. These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## TWENTY-NINTH CLAIM FOR RELIEF

294.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

295-298. These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## THIRTIETH CLAIM FOR RELIEF

299.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

300-303. These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## THIRTY-FIRST CLAIM FOR RELIEF

304.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

305-309. These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## THIRTY-SECOND CLAIM FOR RELIEF

310.  Defendant repeats and reiterates its response to the preceding paragraphs as if fully set forth herein.

311-315.  These paragraphs set forth statements of law to which no response is required. To the extent a response is required, denies the allegations.

## AS TO THE JURY DEMAND

Plaintiff is not entitled to a jury against the United States.  28 U.S.C. § 2402.

## FIRST DEFENSE

The Complaint should be dismissed to the extent the Court lacks subject matter jurisdiction over the asserted claims.

## SECOND DEFENSE

Plaintiffs' claims against the United States are subject to, and limited by, the FTCA.

## THIRD DEFENSE

The Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Complaint should be dismissed to the extent Plaintiffs failed to exhaust their administrative remedies under the FTCA.

## FIFTH DEFENSE

The Complaint should be dismissed to the extent Plaintiffs failed to allege an injury or loss of property or a personal injury or death.

## SIXTH DEFENSE

The United States acted with due care and diligence at all relevant times.

## SEVENTH DEFENSE

In accordance with the FTCA, the Court lacks subject matter jurisdiction over any claims that the United States violated Plaintiffs' constitutional rights.

## EIGHTH DEFENSE

The United States had the authority to detain and search Plaintiffs and their baggage upon their entering the United States.  *See* 19 U.S.C. §§ 482, 1496 and 1582 and 19 C.F.R. § 162.6.

## NINTH DEFENSE

The Complaint should be dismissed to the extent Plaintiffs seek recovery for mental or emotional injury but have failed to allege a physical injury.

## TENTH DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the plaintiff.

## ELEVENTH DEFENSE

The Complaint should be dismissed because the actions of the United States were at all times lawful and reasonable.

## TWELFTH DEFENSE

The claims are barred insofar as they challenge an act or omission of a Government employee exercising due care in the execution of a statute or regulation.  28 U.S.C. § 2680(a).

## THIRTEENTH DEFENSE

The discretionary function exception, 28 U.S.C. § 2680(a), bars Plaintiffs' claims under the FTCA in whole or in part, including without limitation the Fifteenth and Sixteenth Claims for Relief.

## FOURTEENTH DEFENSE

The claims are barred to the extent they arise in respect to the detention of property by a law enforcement officer.  28 U.S.C. § 2680(c).

## FIFTEENTH DEFENSE

In accordance with 28 U.S.C. § 2674, Plaintiffs are not entitled to interest prior to judgment or for punitive damages.

## SIXTEENTH DEFENSE

This action is barred by sovereign immunity.

## SEVENTEENTH DEFENSE

Plaintiffs' recovery, if any, is limited to the amount of damages specified in their administrative claim pursuant to 28 U.S.C. § 2675(b).

## EIGHTEENTH DEFENSE

Any damage sustained by Plaintiffs was proximately caused by the negligent or wrongful acts of persons or entities over whom the United States had no control or right to exercise control.

## NINETEENTH DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence.

## TWENTIETH DEFENSE

In the event that the United States is found to have been negligent, which negligence is denied, the negligence of Plaintiffs was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to a jury trial against the United States.  28 U.S.C. § 2402.

The United States asserts that it has, or may have, additional defenses and/or claims that are not known to them at this time, but which may be ascertained through discovery.  The

United States specifically preserves these and other defenses and/or claims as they are ascertained through discovery.

WHEREFORE, Defendant United States of America demands judgment dismissing this action as against Defendant United States of America and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
September 13, 2016

Respectfully submitted,
ROBERT L. CAPERS
United States Attorney
Eastern District of New York
Attorney for Defendant United States
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By:    s/ ELLIOT  M. SCHACHNER, AUSA
ELLIOT M. SCHACHNER
Assistant United States Attorney
(718) 254-6053

To:    Rehan Nazrali, Esq.
Attorney for Plaintiffs
305 Broadway, 14th Floor
New York, New York 10007